## THOMAS D. SPOONER *v.* ABNER M. LELAND.

Where one with whom personal property is intrusted for sale attaches it for an alleged debt of the principal, and, without giving him notice of the attachment suit, obtains judgment by default, a court of law in Rhode Island will, within a year of the judgment, set it aside and grant to the defendant a trial upon satisfactory proof of merits of defence; and if the year elapses, without notice to or knowledge by the defendant of the judgment, a court of equity will, on the ground of breach of trust and for the prevention of fraud, relieve against the judgment; but only upon the like condition, that there are merits of defence.

BILL IN EQUITY to enjoin an execution issued and all proceedings upon, and for relief against, a judgment at law upon a promissory note for $166, obtained by the respondent against the complainant, by default, at the March term of the supreme court for the county of Providence, A. D. 1853. The cause was heard upon bill and answer; and the bill in substance stated, that the consideration of the note was a seraphine, or small church organ, bought on the 24th day of November, 1852, by the complainant of the respondent, for religious service in the vestry room of the congregational church in Newport, upon the recommendation of the latter, who was a dealer in musical instruments at Providence, to the complainant, who was ignorant of them and relied upon the representations of the respondent, that the organ was adapted to use in that place; that the sale of the organ was made upon the express condition, that if, after trial, it should be found that the instrument was not fitted for the use designed, the complainant should have the right to return the same to the respondent at Providence, and take in lieu of it, at cash prices, any other articles of merchandise in the respondent's shop, of equivalent value; that, upon trial, the organ was found wholly unfit for the place and purpose for which it was wanted and had been recommended by the respondent, and was returned by the complainant to the respondent at Providence, within a reasonable time, in like good order and condition as when delivered, and was by the respondent received without objection; that the complainant, afterwards applying to the respondent to purchase a piano in his shop—the latter to receive only the difference therefor between

the price of the piano and the organ returned—the respondent wholly denied the above condition of the contract upon which he had sold the organ, and refused to allow him the benefit thereof, and on the 28th day of February, 1853, attached the organ, as the property of the complainant, upon a writ sued out of the supreme court for the county of Providence, and returnable at the March term of the court, 1853, at which judgment was obtained by default; that no notice of the suit had been given to, or received by, the complainant, although a copy of the writ, with his doings thereon, was left by the officer with the respondent, as the person in possession of the attached property, for that purpose; that the complainant never knew of the pendency of the suit until more than a year after judgment had been obtained against him by default; and that the respondent having removed out of the jurisdiction, to Houston, Texas, was endeavoring to enforce against the complainant the execution upon the judgment, thus obtained against him.

The answer denied that the respondent· had made any such representation concerning the fitness of the organ for use in the place for which it was designed, as averred in the bill, or that the sale of the organ had proceeded upon any such ground; but alleged, on the contrary, that the complainant purchased it wholly upon his own judgment, and upon that of others called in by him, to his aid, to decide upon the same. It also denied that there was any such condition annexed to the contract, or any such right of return reserved by the purchaser, as was set up in the bill, but alleged, that the sale was absolute and unconditional; that the complainant had indeed sent the organ back to the respondent's shop in Providence, and that the latter had received it, but that it was received by him for sale only, upon the complainant's account; the complainant proposing to rescind the sale, but the respondent refusing this, and offering to receive it to sell for the complainant, after which offer it was sent by the complainant without further communication. The answer admitted the service of the writ of attachment in the manner alleged in the bill, the obtaining of the judgment by default, the issue of execution, and averred, that the same had been duly levied upon the property attached on the writ, which,

Spooner v. Leland.

upon sale conducted according to the formalities prescribed by the statute, had been sold to the highest bidder, without reserve, for the sum of $37.50, leaving the execution against the complainant unsatisfied for the balance thereof; and averred, that the respondent's attorney had in vain endeavored to procure such balance from the complainant by arresting his body in the city of Providence, from which, as the respondent believed, the complainant purposely absented himself, or concealed himself when therein, for the purpose of evading process.   The answer further admitted, that the respondent did not know that the complainant had been served with any copy of the writ sued out against him, or had any notice of the suit until more than a year.after the judgment therein, but insisted upon the service of the writ by attachment as aforesaid, as constructive notice of the suit, the judgment as valid and binding, and the execution as regularly issued; and that the complainant, having no legal or equitable defence to the claim upon which the suit was instituted, was justly·indebted to the respondent in the balance, for which, the execution, sought to be enforced, was outstanding against him.

*Sheffield*, for the complainant:—

The complainant had no notice of the attachment suit, as required by the provisions of the statute.   Digest, 1844, p. 113, § 3.   The copy was left by the officer with the plaintiff in the suit, now respondent, as the person in possession of the property attached; no copy was left for the defendant, now complainant, or with him.   All judgments obtained without notice are void.   *Rathbone* v. *Terry*, 1 R. I. Rep. 73; *Aldrich* v. *Kinne*, 4 Conn. 380; *Kibbe* v. *Kibbe*, 1 Kirby, 124; *Kilburn* v. *Woodworth*, 5 Johns. 41; *Central Bank of Georgia* v. *Gibson*, 11 Ga. 453; *Sturme* v. *Sturme*, 25 Missou. 513.

*Matthewson*, for respondent:—

1st. The proceedings in the action at law were *entirely regular*.   The writ was served, judgment rendered, and execution issued, in all respects, according to the provisions of the statutes of this state, then in force.   Actual notice to the defendant was not required by those provisions.   The then defendant, Spooner, being a citizen of this state and resident therein, the

Spooner *v.* Leland.

attachment was *constructive notice* to him.   Upon such attachment, the statutes require execution to issue against defendant's body and estate, and in no other manner; thereby implying, that the judgment is equally binding, as though service were made by arrest.   The then defendant, Spooner, knew, or must be presumed to have known, what the law was, and therefore that judgment might be rendered against him upon attachment of his property; and if he waited a whole year without informing himself whether such attachment was made, it is his own neglect, from the consequences of which a court of equity will not relieve him.

2d. If the court may, in their discretion, set aside a judgment rendered by themselves according to law, and where there is no irregularity in the proceedings, they will not exercise that discretion, except in cases of manifest oppression or injustice. This is not such a case.   The hearing is upon bill and answer, and the answer positively denies every single allegation in the bill showing a defence to the original suit, and avers and shows conclusively that there was no defence to that suit, legal or equitable.   The continued possession by the then plaintiff, Leland, of the then defendant, Spooner's, promissory note, given for value, as the bill expressly admits, and which the bill does not pretend Spooner ever demanded to be given up, is a fact strongly corroborating the respondent's answer to the bill.

3d. If the complainant's bill is true, he has a complete remedy at law, and there is no case for the interposition of the court.

AMES, C. J.   It is not necessary for us to consider whether the judgment and execution, against which in this case our aid, as a court of equity, is invoked, are void or voidable, either because the judgment was obtained without personal notice, or because no copy of the writ and return was left at the usual place of abode of the defendant in the writ, when he had no such place within the precinct of the officer charged with the service of the writ.   It is sufficient to say, that if this be as the complainant contends, there was no necessity upon him to apply to us on this side of the court; since, as a court of law,

we have full power, upon motion, to stay or revoke an execution unadvisedly issued by us.

There is indeed one aspect of this case, in which, admitting the validity of the judgment, the case might have been one for equitable relief. It was undoubtedly the duty of the respondent, when ordering, in his own suit, an attachment of the complainant's property placed in his possession for sale, to have given notice to his principal of the attachment; and he was reminded of this duty by the copy of the writ and return, left with him by the officer for the very purpose of being sent to his principal. His right to pursue his principal, as a debtor, did not absolve him from the duties of the agency, which, he admits, he had assumed upon himself. A judgment by default, obtained under the circumstances that this was, would, within the year allowed by statute, have been readily set aside by us, upon motion, provided the applicant for a trial had satisfied us that he had a defence to the suit. If the principal, thus wronged, had no notice or knowledge of the judgment obtained against him until after the expiry of the year within which he might have applied for relief on the law side of the court, he would certainly, on the ground of breach of trust and for the prevention of fraud, be entitled to it in equity, upon the same condition. The difficulty in this case is, that the hearing being upon bill and answer, the answer completely negatives all the allegations of the bill as to the defences of the complainant to the promissory note upon which judgment was obtained against him by default, and leaves the complainant before us in the position of an applicant for a trial or new trial, who has no merits in his case to exhibit, on the trial which he prays may be granted to him. Neither courts of law or of equity, when exercising, as in such cases, a discretion, exercise it except to some good and useful end; and especially will not a court of equity interfere with proceedings at law, merely for the sake of interfering.

*This bill must be dismissed with costs.*